George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Proposed attorneys for Debtor-in-Possession
Avalon Care Center – Chandler, L.L.C.

---

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>AVALON CARE CENTER – CHANDLER, L.L.C.,<br><br>Debtor. | Bankruptcy No. 17-27825<br><br>Chapter 11 |

### APPLICATION OF AVALON CARE CENTER – CHANDLER, L.L.C., TO EMPLOY GEORGE HOFMANN AND COHNE KINGHORN, P.C. AS GENERAL BANKRUPTCY COUNSEL AND DECLARATION OF PROPOSED ATTORNEY

Avalon Care Center – Chandler, L.L.C. (the "Debtor"), moves this Court for an order authorizing the Debtor to employ George Hofmann and the firm of Cohne Kinghorn, P.C. ("CK") as its general bankruptcy counsel pursuant to Bankruptcy Code §§ 327 and 329 and in support of this application, respectfully represents as follows:

1. The Debtor filed a voluntary Chapter 11 petition on September 7, 2017. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. No examiner or trustee has been appointed in the Debtor's case.

{00345071.DOC / 3}

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The Debtor selected CK to serve as its counsel because its attorneys have extensive experience and knowledge of bankruptcy, business reorganization, and debtor/creditor matters. CK is well-qualified to present the Debtor's Chapter 11 case in an efficient, effective, and timely manner. CK's retention is necessary and in the best interests of the Debtor and its creditors.

5.    The services of attorneys are necessary to enable the Debtor to reorganize and restructure its business in these proceedings. CK may be required to render all or some of the following services to the Debtor:

   A.    Preparing on behalf of the Debtor any necessary motions, applications, answers, orders, reports and papers as required by applicable bankruptcy or non-bankruptcy law, dictated by the demands of the case, or required by the Court, and to represent the Debtor in proceedings or hearings related thereto;

   B.    Assisting the Debtor in analyzing and pursuing possible reorganization possibilities;

   C.    Assisting the Debtor in analyzing and pursuing any proposed dispositions of assets of the Debtor's estate;

   D.    Reviewing, analyzing and advising the Debtor regarding claims or causes of action to be pursued on behalf of its estate;

E. Assisting the Debtor in providing information to creditors and shareholders;

F. Reviewing, analyzing and advising the Debtor regarding any fee applications or other issues involving professional compensation in the Debtor's case;

G. Preparing and advising the Debtor regarding any Chapter 11 plan filed by the Debtor and advise the Debtor regarding Chapter 11 plans filed by other constituents in the Debtor's case;

H. Assisting the Debtor in negotiations with various creditor constituencies regarding treatment, resolution and payment of the creditors' claims in this case;

I. Reviewing and analyzing the validity of claims filed in this case and advising the Debtor as to the filing of objections to claims, if necessary; and

J. Performing all other necessary legal services as may be required by the needs of the Debtor in the above-captioned case.

6. For the foregoing and all other necessary and proper purposes, the Debtor desires to retain counsel to represent it and seeks to employ CK as its counsel.

7. To the best of the Debtor's knowledge, neither CK nor its members or associates have any undisclosed connection with the Debtor, or any one of its creditors or any party in interest, or their respective attorneys or accountants, or any other interest adverse to the estate. Any connections to the Debtor, its creditors or any party in interest are set forth in the annexed Hofmann Declaration and incorporated by reference.

8. To the best of the Debtor's knowledge, CK and its attorneys are disinterested persons as provided in Bankruptcy Code §§ 101(14) and 327 and do not represent or hold an undisclosed interest adverse to the interest of the Debtor or its estate.

9. The Debtor desires to employ CK with reasonable compensation to be based upon CK's normal hourly rates in matters of this type, subject to all necessary approvals of this Court. CK presently holds a retainer of $45,176.50 which CK received from the Debtor as described in the Hofmann Declaration. The Debtor understands that CK will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of this Court for all services performed and expenses incurred.

10. CK's customary hourly rates in matters of this type are subject to change annually in accordance with the firm's general billing procedures. The range of current hourly billing rates for attorneys and paralegals are as follows:

| | |
|---|---|
| Shareholders: | $230-$400 |
| Associates: | $170-$185 |
| Paralegals: | $100-130 |

11. CK maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. The professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in increments of 1/10 of an hour, and all attorneys and paralegals will be required to keep detailed time records for services rendered herein.

12. CK has not agreed to share compensation as may be awarded to it for services in these cases except as permitted under Bankruptcy Code § 504(b).

13. The Debtor believes that it is in its best interest and that of the bankruptcy estate that CK be retained as its counsel. The Debtor is satisfied from the Hofmann Declaration that CK does not represent any other entity having an adverse interest to the Debtor, its estate or unsecured creditors in this case and is otherwise disinterested.

WHEREFORE, the Debtor respectfully requests that it be authorized pursuant to Bankruptcy Code § 327 to employ CK as its counsel in this Chapter 11 case.

**Dated:**     September 7, 2017

/s/ Anne Stuart
Avalon Care Center – Chandler, L.L.C.
By: Anne Stuart
Its: Authorized Signatory

Prepared by:

COHNE KINGHORN, P.C.

/s/ Jeffrey L. Trousdale
GEORGE HOFMANN
JEFFREY TROUSDALE

Proposed Attorneys for the Debtor

# DECLARATION OF GEORGE HOFMANN

STATE OF UTAH            )
                         : ss
COUNTY OF SALT LAKE      )

I, George Hofmann, declare:

1.  I am an attorney duly admitted to practice before all state courts in Utah, New York, and Massachusetts, as well as this court.

2.  I am a member of Cohne Kinghorn, P.C., the law firm that Avalon Care Center – Chandler, L.L.C. (the "Debtor") is seeking to employ generally by the Application to which this Declaration is attached. All the members and associates of this law firm who will perform services for the Debtor are similarly duly admitted to practice in this state and before this Court.

3.  The law firm of Cohne Kinghorn, P.C. ("CK") has extensive experience in bankruptcy, insolvency corporate reorganization and debtor/creditor law. The firm is well qualified to represent the Debtor generally herein, and is willing to accept employment on the basis set forth in the annexed application.

4.  CK first commenced providing services to the Debtor on August 24, 2017. It issued its first invoice to the Debtor for pre-bankruptcy filing services on September 7, 2017, in the amount of $3,106.50 (plus the filing fee in the amount of $1,717.00), and that invoice was paid the same day by offset against a retainer the Debtor paid to CK. The Debtor paid to CK a $50,000 retainer on September 5, 2017. After offsetting its first invoice described above, CK's holds a remaining retainer on hand as of the filing of this case of $45,176.50.

5.      As of the date of the filing of the bankruptcy petition in this case, CK is not a creditor of the Debtor.

6.      The firm of Cohne Kinghorn, P.C., its members and its associates, do not hold any interest adverse to the above-entitled estate and said law firm is a disinterested person as defined in 11 U.S.C. § 101.

7.      Neither the firm nor any of its members have a pre-petition or other claim against the estate.

8.      Except as disclosed below, CK does not have any connections with any creditors or parties in interest in this case. This firm has not and does not plan to represent any principal of the Debtor.

9.      Except as disclosed above, neither the firm nor any of its members received a retainer from the Debtor, the estate, a principal of the debtor or a third party.

10.     Neither I nor any attorney employed by CK has agreed to share, nor will share, any portion of the compensation received from the Debtor with any other person other than the attorneys and regular employees of the firm.

11.     To the best of my knowledge, CK has no material connections with the U.S. Trustee for this region, employees of the Office of the U.S. Trustee, nor the U.S. Bankruptcy Judges of this district, although CK attorneys, including myself and others, have participated in continuing education panels and discussions, and attended social functions with the U.S. Trustee for this region, employees of the Office of the U.S. Trustee, U.S. Bankruptcy Judges of this district and employees of the U.S. Bankruptcy Court for this district. In addition, the Honorable R. Kimball Mosier was formerly a member of Parsons Kinghorn Harris, P.C., an entity that is a predecessor of CK.

{00345071.DOC / 3}                               2

12. In seeking compensation in this case, CK will comply with all applicable provisions of the Bankruptcy Code, the Federal Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court establishing procedures for compensation of professionals, and guidelines of the Office of the United States Trustee.

13. Neither the firm nor any of its members have any interests adverse to the estate or the Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of September, 2017.

_____
George Hofmann

**SUBSCRIBED AND SWORN** to before me on this 7th day of September, 2017.

My Commission Expires:

_____
Jessica Lee Thorsen
Notary Public

JESSICA LEE THORSEN
Notary Public
State of Utah
Comm. No. 680839
My Comm. Expires Jan. 5, 2019

{00345071.DOC / 3}    3