George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Proposed attorneys for Avalon Care Center – Chandler, L.L.C.

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>AVALON CARE CENTER – CHANDLER, L.L.C.,<br><br>Debtor. | Bankruptcy No. 17-27825 (JTM)<br><br>Chapter 11 |

### MOTION TO APPROVE POST-PETITION FINANCING

Avalon Care Center – Chandler, L.L.C., debtor and debtor in possession (the "Debtor") in the above-captioned bankruptcy case, through its undersigned proposed counsel, hereby moves this Court (the "Motion") to approve post-petition financing as described below.

### JURISDICTION AND BACKGROUND

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on September 7, 2017.

3.  The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No examiner or trustee has been appointed in this Case.

## RELIEF REQUESTED

4.  The Debtor proposes to obtain post-petition financing from Avalon Health Care, Inc. ("Avalon"). As is more fully described below, Avalon has agreed to make available to the Debtor a total of $150,000, advances of which are to be made at Avalon's sole discretion. The amount borrowed is to be treated as an administrative expense claim pursuant to Bankruptcy Code §§ 364(b) and 503(b)(1). The Debtor requests entry of an order, in substantially the form as attached as Exhibit A, approving the proposed financing.

## THE TERMS OF THE PROPOSED FINANCING

5.  Subject to this Court's approval, the Debtor and Avalon have agreed to the terms and documentation for post-petition financing, including a Promissory Note (the "Note"), a copy of which is attached as Exhibit B. In compliance with Fed. R. Bankr. P. 4001(c), the Debtor makes the following concise statement about the relief sought through this Motion.

6.  The significant provisions of the Note are as follows:

   a.  <u>Amount</u>. The maximum amount of advances under the Note shall be $150,000.00. All advances under the Note shall be made at the sole discretion of Avalon and shall be for the purpose of paying expenses that qualify for administrative expense priority under the Bankruptcy Code. <u>See</u> Note at p. 1.

   b.  <u>Repayment Terms and Maturity Date</u>. Advances under the Note shall be paid in full by the Debtor on the Maturity Date, which is the earlier of: (i) one year from the date of the Note, (ii) the entry of an

        c.     order by the Court confirming a confirmed plan, or (iii) acceleration after the occurrence of an Event of Default. <u>See</u> Note at ¶ 2.

        c.     <u>Interest</u>. Interest on the outstanding balance of the Note shall accrue on each advance from the date that such advance is made until it is repaid at the per annum rate of 6%. <u>See</u> Note at p. 1. All accrued and unpaid interest shall be due and paid on the Maturity Date. <u>See</u> Note at ¶ 2.

        d.     <u>Administrative Claim</u>.  Amounts advanced under the Note shall be treated as an administrative claim accorded priority under § 503(b)(1) in the Debtor's case.

        e.     <u>Events of Default</u>. The following constitute an Event of Default: (a) the failure of the Debtor to perform in any material respect any of its obligations pursuant to this Note, (b) the occurrence of the Maturity Date, (c) conversion of the Chapter 11 case of the Debtor to a case under Chapter 7 of the Bankruptcy Code, (d) the appointment of an Examiner under § 1104 of the Bankruptcy Code, (e) the appointment of a Trustee under § 1104 of the Bankruptcy Code, (f) dismissal of the Debtor's Chapter 11 Case, or (g) the entry of any Bankruptcy Court order modifying, reversing, revoking, staying, rescinding, vacating or amending this note and/or the approval order without the consent of the Lender. <u>See</u> Note at ¶ 6.

7.     Neither the Note, nor the proposed orders approving it, contain any "extraordinary relief" as defined in Local Rule 4001-2.

## **DISCUSSION**

**The Debtor has Properly Exercised its Business Judgment in Entering into the Promissory Note, and it may be Approved Under Bankruptcy Code § 364(b)**

Bankruptcy Code § 364(b) provides: "The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) as an administrative expense."

Bankruptcy courts routinely defer to a debtor-in-possession's business judgment on most business decisions, including the decision to borrow money. <u>See</u> <u>Group of</u>

Institutional Investors v. Chicago Mil. St. P. & Pac. Ry., 318 U.S. 523, 550 (1943); In re Simasko Prod, Co., 47 B.R. 444, 449 (D. Colo. 1985) ("Business judgments should be left to the board room and not to this Court."); In re Lifeguard Indus., Inc., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same). As one court noted, "[m]ore exacting scrutiny would slow the administration of the debtor's estate and increase its costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1985).

In general, bankruptcy courts often defer to the business judgment of a trustee or a debtor-in-possession regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. See In re Curlew Valley Assocs., 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a debtor's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." Curlew Valley, 14 B.R., at 513-14 (footnotes omitted).

The Debtor's business judgment is that the Note is in the best interests of the Debtor's estate, and is required to preserve the opportunity for unsecured creditors to receive any recoveries in this case. The Debtor requires a source of capital to fund administrative expenses of this case, particularly professional fees to pay retainers to its professionals. Since advances under the Note will have the same administrative priority status as the expenses paid by such advances, such borrowing does not negatively impact the estate. The Debtor submits that the terms of the Note are reasonable and should be approved.

Avalon has connections with the Debtor that should be disclosed to the Court. Avalon is a great-great grandparent of the Debtor. The sole equity holder of the Debtor is Avalon of Arizona, L.L.C., which is owned by Avalon Care, L.L.C., which in turn is owned by Avalon Holding, Inc., which in turn is owned by Avalon.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court approve the Note pursuant to Bankruptcy Code § 364(b).

Dated:   September 19, 2017

**COHNE KINGHORN, P.C.**

/s/ Jeffrey L. Trousdale
GEORGE HOFMANN
JEFFREY TROUSDALE

Attorneys for the Debtor

# EXHIBIT A

*PREPARED AND SUBMITTED BY:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Proposed attorneys for Avalon Care Center – Chandler, L.L.C.

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re | Bankruptcy No. 17-27825 (JTM) |
| AVALON CARE CENTER – CHANDLER, L.L.C., | Chapter 11 |
| Debtor. | |

**ORDER APPROVING POST-PETITION FINANCING**

The Court having considered the Motion of Avalon Care Center – Chandler, L.L.C. (the "Debtor") to approve post-petition financing (the "Motion"); the Court being fully advised in the premises, and after due deliberation thereon and good cause appearing therefor, it is hereby

{00280348.DOC /}

FOUND AND DETERMINED THAT[1]

    A.    The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

    B.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (D) and (O).

    C.    The Debtor requires an immediate source of capital in order to fund retainers to its professionals and pay other administrative expenses of this case.

    D.    Notice given by the Debtor of the Motion, the relief requested therein, and the hearing thereon, was good and sufficient, and no further notice is required.

    E.    Avalon Heath Care, Inc. ("Avalon") has offered to extend credit to the Debtor in the amount of $150,000.

    F.    Avalon's offer for the extension of credit has been made in "good faith" as that term is used in Bankruptcy Code § 364(e).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.    The Motion is hereby granted in all respects.

    2.    Pursuant to the terms of this Order, the Debtor may borrow pursuant to the terms of the Note (as defined in the Motion).

    3.    Amounts advanced under the Note shall be deemed to be an administrative expense claim against the Debtor's estate pursuant to Bankruptcy Code §§ 364(b) and 503(b)(1).

---

[1] Findings of Fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate, see Fed. R. Bankr. P. 7052.

4.     The Debtor is authorized to execute and deliver, and empowered to fully perform under, consummate and implement, all documents which may be necessary to enter into the Note.

5.     The transactions contemplated by the Motion are undertaken by the Debtor and Avalon in "good faith," as that term is used in section 364(e) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of this Order shall not affect the validity of the debt the Debtor will incur to Avalon, unless such authorization is stayed pending appeal.

6.     The terms and provisions of this Order shall be binding in all respects upon, and inure to the benefit of the Debtor, the Debtor's estate, any of their affiliates, successors and assigns, the Debtor's creditors, and third parties, notwithstanding any subsequent appointment of an examiner or any trustee for the Debtor under any chapter of the Bankruptcy Code, as to which examiner or trustee such terms and provisions likewise shall be binding in all respects.

**--- END OF ORDER ---**

# EXHIBIT B

PROMISSORY NOTE

Revolving line of credit, advanced at the Lender's sole discretion, with a maximum principal balance of $150,000

Salt Lake City, Utah
October \_\_\_, 2017

      FOR VALUE RECEIVED, Avalon Care Center – Chandler, L.L.C. (the "Borrower" or "Debtor"), promises to pay to the order of Avalon Health Care, Inc. (the "Lender"), the principal sum of One Hundred Fifty Thousand Dollars ($150,000.00), or, if less, the aggregate unpaid principal amount of all advances made by the Lender, at the Lender's sole discretion, to the Borrower, together with interest on the principal balance, payable to Lender's account at the times and in the manner set forth below. Simple interest shall accrue daily on the unpaid principal balance outstanding hereunder at the rate of six percent per annum. Interest shall be calculated based on a 365-day year and the actual number of days elapsed in any partial calendar month.

      1.     All requests for advances under this Note shall be made by telephone to the Lender not later than the business day before the date requested for the advance. Lender, in its sole discretion, may make the amount of the requested (or such portion thereof as may be deemed appropriate in the sole discretion of Lender) advance available to the Debtor on the date requested or as soon thereafter as is reasonably practicable for the Lender.

      2.     Advances under this Note, together with all accrued interest, shall be repaid by the Debtor on the Maturity Date (in the event the Maturity Date is not a Business Day, the due date shall be the first Business Day thereafter). For the purposes of this Note, a "Business Day" is a day other than a Saturday, Sunday or legal holiday on which banks in Salt Lake City, Utah are authorized or obligated, by law, governmental decree or executive order, to be closed. The Maturity Date shall be the earliest to occur of: (i) one year from the date hereof, (ii) the entry of an order by the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") confirming a confirmed plan, or (iii) acceleration of the Note by Lender after the occurrence of an Event of Default (as defined below).

      3.     This Note is subject to the entry by the Bankruptcy Court of an order approving this Note without modification (unless consented to in writing by the Lender). The Debtor's authority to execute this Note is subject to the approval and authorization of the Bankruptcy Court pursuant to the entry of the approval order.

      4.     The Borrower may voluntarily prepay this Note, in whole or in part, at any time and from time to time without penalty, together with interest accrued on the amount prepaid through the date of payment. Any amounts prepaid hereunder may be reborrowed.

{00345454.DOC / 3}

5.  All payments received by Lender under this Note shall be applied by Lender in the following order of priority:

  a.  First, to the payment of all costs of enforcement incurred by Lender under this Note, if any;

  b.  Second, to the payment of all accrued and unpaid interest due to Lender under this Note; and

  c.  Third, to the payment of all outstanding principal due and payable to Lender under this Note.

6.  Under this Note, the occurrence of any of the following shall be referred to individually, as an "Event of Default" and collectively, "Events of Default": (a) the failure of the Debtor to perform in any material respect any of its obligations pursuant to this Note, (b) the occurrence of the Maturity Date without the payment in full of all amounts represented by this Note, (c) conversion of the Chapter 11 case of the Debtor to a case under Chapter 7 of the Bankruptcy Code, (d) the appointment of an Examiner under § 1104 of the Bankruptcy Code, (e) the appointment of a Trustee under § 1104 of the Bankruptcy Code, (f) dismissal of the Debtor's Chapter 11 Case, or (g) the entry of any Bankruptcy Court order modifying, reversing, revoking, staying, rescinding, vacating or amending this Note and/or the approval order without the consent of the Lender. The Lender shall have no obligation to lend or advance any subsequent advances to the Debtor or provide other financial accommodations to the Debtor upon or after the occurrence of the Maturity Date or an Event of Default.

7.  If any of the Events of Default set forth above shall occur, time being the essence hereof, then Lender may at any time at Lender's option, with notice to Borrower, accelerate the indebtedness and declare the entire principal of the Note then remaining unpaid plus accrued interest thereon and costs of collection to date to be due and payable immediately. Any forbearance, failure or delay by Lender to exercise such option shall not be deemed to be a waiver of such right or remedy, nor shall any single or partial exercise of any right or remedy preclude the further exercise of such right or remedy. Moreover, no extension of time for payment of this Note, and no alteration, amendment or waiver of any provision of this Note made by agreement between Lender and any other person or party shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower.

8.  In the event that any Event of Default occurs, Borrower agrees to pay on demand any and all costs and expenses (regardless of the particular nature thereof and whether incurred before or after the initiation of suit or before or after judgment) which may be incurred by the Lender hereof in connection therewith, including, but not limited to, all losses, costs and expenses (including reasonable attorneys' fees) in connection with the exercise, enforcement, protection and preservation of Lender's rights or remedies under this Note or in connection with legal advice relating to the rights or

responsibilities of Lender (including court costs, attorneys' fees and disbursements, costs and expenses of collection and the fees and expenses of accountants).

9. The undersigned, and any sureties, guarantors, and endorsers hereof severally waive presentment for payment, demand, protest, notice of protest, notice of dishonor or nonpayment, notice of intent to accelerate the indebtedness hereof or notice of such acceleration, and consent to any and all extensions of time, renewals, waivers, or modifications that may be granted by the Lender hereof with respect to the payment or other provisions of this Note.

10. This Note is delivered in the State of Utah and shall be governed by and construed in accordance with the laws of the State of Utah without reference to its choice of law rules. Any dispute, claim or controversy between the parties arising out of or relating to this Note or any matter that is subject of this Note shall be instituted in any federal or state court in Utah (subject to the exclusive sole jurisdiction of the United States Bankruptcy Court during the pendency of Borrower's bankruptcy case). All parties agree that such a dispute, if determined to be an adversary proceeding rather than a contested matter, would constitute a core proceeding in the Borrower's bankruptcy case.

11. Any provision of this Note may be amended, waived, or modified, but only upon the written consent of Borrower (and, if required, with the approval of the Bankruptcy Court) and Lender. The unenforceability or invalidity of any provision of this Note shall not affect the enforceability or validity of any other provision of this Note. The terms of this Note shall bind the undersigned and inure to the benefit of Lender and its heirs, successors, assigns and legal representatives. Lender may assign all or part of its interest under this Note to any transferee so long as it, as the transferor, provides notice to the Borrower of such transfer and provides the name of the transferee.

12. No right or remedy herein conferred upon or reserved to Lender is intended to be exclusive of any other right or remedy and each and every such right and remedy shall be cumulative and shall be in addition to every other right or remedy given hereunder or now or hereafter existing at law or in equity. No delay or omission of Lender in exercising any right or remedy accruing hereunder shall impair any such right or remedy or be construed as a waiver or release thereof.

IN WITNESS WHEREOF, the undersigned has executed this Note on or as of the day and year first above written.

    Avalon Care Center – Chandler, L.L.C.

    _____
    By:  Anne Stuart
    Its: Authorized Signatory