Kenneth L. Cannon II (3705)
kcannon@djplaw.com
Penrod W. Keith (4806)
pkeith@djplaw.com
DURHAM JONES & PINEGAR, P.C.
111 South Main Street, Suite 2400
P.O. Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile:  (801) 415-3500

Melanie L. Bossie (*admitted pro hac vice*)
Melanie@wikesmchugh.com
Joshua D. Barton (*admitted pro hac vice*)
jbarton@wilkesmchugh.com
WILKES & McHUGH, P.A.
15333 N. Pima Rd., Ste. 300
Scottsdale, AZ  85260
Telephone: (602) 553-4552
Facsimile: (602) 553-4557

Attorneys for Creditor Gina Rostain, as Personal Representative
for the Estate of Dolores Sudarich, and Creditor Marla Disarno,
as Personal Representative for the Estate of Marlene McCann

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Bankruptcy Case No. 17-27825 |
|---|---|
| AVALON CARE CENTER - CHANDLER, L.L.C., | Chapter 11 |
| Debtor. | Honorable Joel T. Marker |

**CREDITORS DISARNO AND ROSTAIN'S MOTION
TO DISMISS DEBTOR'S CHAPTER 11 CASE**

Creditors Marla Disarno and Gina Rostain ask the Court to dismiss to this Chapter 11 case because it was filed in bad faith, and state:

## I.   RELEVANT FACTS

1. Avalon Care Center – Chandler, L.L.C. (the "Debtor") claims only two assets in any of its schedules: Insurance Policy Proceeds and supposed alter ego claim allegedly brought by creditors.

2. In a hearing on February 12, 2018, the Court determined that the alleged alter ego claims, if any, were not properly property of the estate.

3. The insurance agreement is a professional liability policy that, according to the Debtor is "a 'wasting policy' with a limit of $1,000,000 per occurrence and $3,000,000 per location." Def. Resp. to Creditor Rostain's Mot. to Lift Stay, at 4.

4. The Debtor have disclosed that there are no other assets that are or could become part of the estate.

5. The Insurance Proceeds are only available for disbursement to Creditors Disarno and Rostain, in settlement of their state court litigation.

6. Creditors Gina Rostain and Marla Disarno are currently engaged in state court litigation against the Debtor and related entities, and their claims are based on that litigation.

7. The only other creditors in this action are either insiders, a Creditor secured by insider collateral, or various unsecured creditors whose total claims are less than $10,000.

8. Despite multiple iterations of the plan and disclosure statement, The Debtor have failed to confirm a plan as of this date.

## II. LEGAL ARGUMENT

**A.    THIS PETITION WARRANTS DISMISSAL UNDER SECTION 1112**

11 U.S.C.A. § 1112 allows a Bankruptcy Court to dismiss a case "for cause" if it is in the best interests of the estate and Creditors. "It is well established under the Bankruptcy Code, as it was under the Bankruptcy Act, that a Chapter 11 petition must be filed in good faith, and if not, dismissal of the case is an appropriate remedy." *Pacific Rim Inc. L.L.P. v. Oriam, L.L.C.* (*In Re Pacific Rim Inc. L.L.P.*), 243 B.R. 768, 771 (D. Colo. 2000). In considering whether a petition was brought in bad faith, courts may consider several facts relevant here, including:

> "(1) use of bankruptcy as a vehicle to defraud others, (4) the secretion of property and other efforts to avoid the disclosure of assets, (5) use of the bankruptcy system simply to avoid the consequence of prior misconduct, (6) the filing of a case to avoid an obligation under circumstances in which the debtor is not in need of reorganization,  (8) the absence of any likelihood of rehabilitation, (9) use of bankruptcy as a vehicle to resolve disputes solely between equity participants, (10) use of the bankruptcy process merely to frustrate the rights of creditors (particularly with respect to single asset cases) or to coerce unfair treatment."

*7 Collier on Bankruptcy* ¶ 1112.07[2] (Lawrence P. King ed., 15th ed. Rev. 2003) (citations omitted).

**B.    THE PETITION DOES NOT HAVE A VALID REORGANIZATIONAL PURPOSE**

A petition must have some relation to the purposes of the Bankruptcy Code, namely, the rehabilitation of debtors and recovery of assets for creditors, to be filed in good faith. *See, e.g. In re Courtesy Inns, Ltd., Inc.* 40 F. 3d 1084 (10th Cir. 1994)(dismissing and granting sanctions because "it is clear that the bankruptcy filing was not an attempt to save the corporation or benefit … other creditors."); *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994)(noting: "courts have dismissed cases filed for a variety of tactical reasons unrelated to reorganization"). In short,

3

Chapter 11 petitions are only available where "financially troubled petitioners seek a chance to remain in business." *In re SGL Carbon Corp*. 200 F.3d 154, at 166-167 (3rd Cir. 1999); *see also*, *In re Springs Hospitality, Inc*., 46 Bankr. Ct. Dec. 285, at *7 (D. Colo. 2006)(dismissing a chapter 11 case in part because "this debtor, in any business sense, is long deceased").

It is undisputed that the Debtor in this case does not seek a chance to remain in business, or to sell its assets, or even to have a chance to distribute assets to other creditors, as there are no assets to distribute. The Debtor, despite filing under Chapter 11, seeks no discharge, and has not operated any business for more than a year. Debtor's Discl. Smt., at 18. The Debtor's multiple proposed plans distribute no assets and provide no benefit to the Debtor or any creditor whatsoever. Because the petition does not have a valid reorganizational purpose, the Court should dismiss the case.

**C.    THE DEBTOR HAS NO REASONABLE LIKELIHOOD OF REHABILITATION**

"When it is clear that, from the date of filing, the debtor has no reasonable prospect of emerging from the bankruptcy proceedings and no realistic chance of reorganizing, then [a] Chapter 11 petition may be frivolous." *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship.)*. 113 F. 3d 1304, 1310, (2d Cir, 1997); 7 COLLIER ON BANKRUPTCY ¶ 1112.04(5)(b). In *FRGR Managing Member, L.L.C.,* 410 B.R. 576 (S.D.N.Y. 2009), a court considered whether to dismiss an entity with no assets except a potential lawsuit. After noting that the debtor had "no operating assets or business," the Court found cause to dismiss or convert the case because 1) the debtor was not engaged in any ongoing business, and 2) the debtor was unable to otherwise fund a chapter 11 case. *Id.,* at 577.

Instructive is *In Re Lots by Murphy,* 430 B.R. 431 (Bankr. S. D. Tex. 2010). There, the Chapter 7 Trustee sought to dismiss a case filed by a debtor, who and no assets and had not conducted business in over a year. After making findings of fact that the debtor had not been in business for over a year, the court noted that "the requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes." *Id.*, at 434. The Court noted that generally, hallmarks of bad faith filings included "an asset poor debtor, with no employees other than the principals involved, no cash flow, often only one creditor, and a pending state court suit between the debtor and a creditor." *Id.* At 435, *citing In re Little Creek Dev. Co.*, 779 F. 2d 1068, 1073 (5th Cir. 1986). In analyzing Debtor's asset-less petition, the Court noted that "the twin pillars of bankruptcy are (1) the discharge of the debtor, in order to obtain a 'fresh start'; and (2) the satisfaction of valid claims against the estate," and noted that "because the debtor has no assets whatsoever for the Trustee to liquidate to pay claims" and was a corporation, both pillars were unachievable to the debtor. *Id.*, at 436. The court dismissed the case as being filed in bad faith, finding that "[c]orporations with no assets should not file Chapter 7 Petitions because neither of the twin pillars of bankruptcy can be achieved." *Id.*, at 438.

This case is analogous to *Lots by Murphy.* The Debtor has had no operations for nearly 2 years and wrote off its last legitimate asset more than a year ago. The petition, while a Chapter 11 instead of a Chapter 7, has only insider creditors, who are not seeking repayment, a creditor who appears to have been asked to participate by the Debtor's insiders, who has not appeared in this matter, and two significant unsecured tort creditors (the movants here), each of whom is in the midst of state court litigation on the eve of trial. The Debtor cannot obtain a

discharge because a corporation may obtain a discharge only in a genuine reorganization under Chapter 11, which this clearly is not. *See* 11 U.S.C. § 1141(d)(3), and the Debtor has freely admitted that it does not seek a discharge in this case. This cannot result in payments to creditors, because there are no assets to repay any creditors with. Thus, as in *Lots by Murphy*, the two main pillars of Bankruptcy actions cannot be met here. There is nothing left for this Court to do but dismiss this case.

**D.     THE PETITION IS A LITIGATION TACTIC**

Courts have considered various factors in determining whether a debtor's actions amount to bad faith. Among these factors are: "(1) the debtor has only one asset; … (3) the debtor has no employees; (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow." *In re Springs Hosp., Inc.*, 46 Bankr. Ct. Dec. 285, at *7 (D. Colo. 2006), at *3 (Bankr. D. Colo. Aug. 22, 2006).

Here, the Debtor's filing is a poster child for bad faith. First, the Debtor has declared no assets on its schedule of assets except for two tort claims against its parents (which the Court has explicitly found do not belong to the Debtor), and an insurance policy whose proceeds belong only to Mrs. Rostain and Disarno as tort creditors if they prevail on their wrongful death claims. At filing, one of those claims was within a month of trial, further showing an intent to delay efforts to collect against the claimant. Second, the Debtor appears to have only two significant unsecured claimants, both plaintiffs in underlying state court actions, and one secured creditor

6

who is cross-collateralized with several sister companies and for whom the ultimate parent of the Debtor has guaranteed the full amount due it.[1] Third, The Debtor has no employees, and no operating business to boot. Fourth, the Debtor's only remaining financial concern continues to be the ongoing litigation between the Debtor and various tort creditors in state court. Fifth, the Debtor filed its petition on the eve of trial, evidencing an effort to forestall the possibility of a judgment against the Debtor and its parents. And sixth, the Debtor has had no cash flow for the year preceding its filing.

A debtor generally may not file to achieve a purpose "outside the legitimate scope of the bankruptcy laws." *In re Marsch*, 36 F. 3d at 828. "As a general rule where, as here, the timing of the filing of a Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith." *In re HBA E., Inc.*, 87 B.R. 248, 259-60 (Bankr. E.D.N.Y. 1988).

The evidence provided thus far by the Debtor points to a single conclusion: there is no reorganizational purpose for the Debtor's filing. Instead, the Debtor's filing provided two advantages to the Debtor's insiders, both of which related to the creditors' pending state court cases, 1) the Debtor's proposed plan sought to resolve the claims against it and certain affiliates by a mechanism of the Debtor's choosing (namely a settlement with related entities who are also defendants in the state court litigation), and 2) the automatic stay held off the state court litigation while this process was pushed forward. These purposes are far afield of the legitimate

---

[1] MidCap Financial, the secured creditor, has also not appeared in this case, and the newly disclosed documents evidencing its claim are either lacking or inconsistent, so the actual extent of Debtor's obligation to this secured creditor is somewhat uncertain.

reorganization contemplated by Chapter 11, and far afield of the principles of bankruptcy law in general. The case should be dismissed.

### E. SANCTIONS AGAINST AFFILIATES ARE APPROPRIATE HERE

On January 26, 2018, the movants noted that a related entity had recently had a case dismissed in California under similar circumstances, and asked the Debtor to consider voluntarily dismissing this Chapter 11 case. The Debtor refused. Following the Court's ruling on February 12, 2018, the movants again sought a voluntary dismissal from the Debtor. The Debtor has continued to oppose a voluntary dismissal, despite the fact that the Debtor currently has no assets to distribute to creditors and no realistic chance of reorganization.

Sanctions are generally available when a party files a petition in bad faith. *See In re Courtesy Inns, Ltd., Inc.,* 40 F.3d 1084, 1089 (10th Cir. 1994). There, the Tenth Circuit upheld sanctions against the owner of a debtor, an individual, for bad faith failing. *Id.* After determining that the bankruptcy courts have authority to issue sanctions pursuant to 11 U.S.C. §105, the court turned to the case filed by the debtor corporation. The court found that "it is clear that the bankruptcy filing was not an attempt to save the corporation or to benefit other shareholders or other creditors. It was for reasons entirely personal to [the owner]." *Id.*, at 1089-90.  The court noted that the debtor had only one asset, whose value was significantly less than the claims against it. *Id.* The court noted that the bankruptcy judge had found that the petition was filed "purely for the purpose of delaying the creditor from enforcing its rights," and noted "the inherent power of the bankruptcy court is surely broad enough to sanction [the owner] personally" under these circumstances. *Id.*

This case is like *Courtesy Inns.* The Debtor has no general assets whatsoever, and filed its petition in what seems clearly to be an attempt to 1) remove legitimate claims made by creditors against related entities from the hands of creditors, and 2) delay litigation proceedings that were on the eve of trial by opening a new front to the litigation in this Court. Further, As the Court is aware, a related entity has previously tried – and failed – to conduct this same collateral attack in another bankruptcy court in California. This abuse of the bankruptcy process is classic bad faith and should warrant sanctions to deter future bad conduct of this nature be the Debtor's parent company.

### III. CONCLUSION

The Debtor filed this case in bad faith and has no assets with which to administer its case. The case should be dismissed and the Court should sanction Debtor's parents for filing a bad faith petition with this Court.

DATED this 14th day of February, 2018.

**DURHAM JONES & PINEGAR, P.C.**


By: */s/ Kenneth L. Cannon II*
       Kenneth L. Cannon II

**WILKES & McHUGH**
Melanie L. Bossie (admitted pro hac vice)
Joshua D. Barton (admitted pro hac vice)

Counsel for Creditor Gina Rostain, as Personal
Representative for the Estate of Dolores Sudarich,
and Marla Disarno, as Personal Representative for the
Estate of Marlene McCann

**CERTIFICATE OF SERVICE**

**By Notice of Electronic Filing (CM/ECF)**

      I hereby certify that on the 14th day of March, 2018, I electronically filed the foregoing CREDITORS DISARNO AND ROSTAIN'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;jthorsen@cohnekinghorn.com
- Penrod W. Keith    pkeith@djplaw.com, khughes@djplaw.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, nlakey@cohnekinghorn.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

                                              */s/ Kristin Hughes*
                                              Durham Jones & Pinegar, P.C.